Upon remittitur from the Court of Appeals (24 NY3d 476 [2014]) for consideration of the issues raised but not determined on appeal to this Court, order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered on or about March 12, 2012, *437 which granted defendants’ motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of reinstating the negligence cause of action brought on behalf of plaintiff Jandy Coleson individually, and, as so modified, affirmed, individually, without costs.
After being stabbed and seriously injured by her estranged husband, plaintiff sued the City of New York, alleging a cause of action for negligence on part of the Police Department in failing to provide her with adequate protection to prevent the attack. Two additional causes of action are based on allegations of negligent infliction of emotional distress upon plaintiffs infant son.
On a prior appeal, we affirmed Supreme Court’s order granting the City’s motion for summary judgment dismissing the entire complaint (106 AD3d 474 [1st Dept 2013]). We dismissed plaintiffs inadequate protection claim on the ground that statements allegedly made to plaintiff by police officers were too vague to constitute promises that would give rise to a special relationship (id.). The Court of Appeals reversed that portion of our order, finding that plaintiff raised a triable issue of fact as to whether there was a special relationship and remitted the case to this Court “for consideration of issues raised but not determined” (24 NY3d at 484).
As an alternative ground for summary judgment, the City invoked the doctrine of governmental function immunity. The defense of governmental function immunity “is not available unless the municipality establishes that the action taken actually resulted from discretionary decision-making” (Valdez v City of New York, 18 NY3d 69, 79-80 [2011]). The City failed to make a prima facie showing of the availability of the defense because its motion was supported by nothing more than a bare assertion that the actions of its police officers were discretionary. “In order to prevail on a governmental function immunity defense, a municipality must do much more than merely allege that its employee was engaged in activities involving the exercise of discretion” (id. at 79).
As the Court of Appeals found, plaintiffs son was not in the zone of danger at the time of the attack. Therefore, dismissal of the claims based on his alleged emotional distress was warranted. Concur — Mazzarelli, J.P., Moskowitz, DeGrasse, Feinman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 33713(U).]